# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

---

NITRIDE SEMICONDUCTORS CO., LTD.,

        Plaintiff,

    v.

DIGI-KEY CORPORATION D/B/A/ DIGI-KEY ELECTRONICS,

        Defendant.

Civil Action No. 0:17cv04359 DWF/LIB

**JURY TRIAL DEMANDED**

---

## DEFENDANT DIGI-KEY CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................. 2

    I.    Nature and Stage of the Two Proceedings ................................................... 2

    II.    Nitride Agreed it Would Not Oppose this Motion ....................................... 3

    III.    The Complaint Accuses RayVio Products, Not Digi-Key Products ............. 4

    IV.    The Technology of the '270 Patent .............................................................. 5

ARGUMENT ........................................................................................................ 5

    I.    This Case Against Digi-Key Should Be Stayed Pending the Outcome
        of the Case Against RayVio in the Northern District of California ............. 6

        A.    A Stay Will Not Unduly Prejudice or Provide any Tactical
            Disadvantage to Nitride ..................................................................... 8

        B.    A Stay Will Undoubtedly Simplify the Case .................................... 9

        C.    This Case is in its Infancy ................................................................. 10

    II.    Nitride's Claims Against RayVio Should be Decided First in the
        Northern District of California .................................................................... 11

CONCLUSION ..................................................................................................... 14

**Cases**

*Am. Vehicular Scis. LLC v. Toyota Motor Corp.*,
No. 12-404, 2014 U.S. Dist. LEXIS 93642 (E.D. Tex. July 10, 2014) ......................... 7

*Belfer Cosmetics, LLC v. Nordstrom, Inc.*,
No. 15-683, 2016 U.S. Dist. LEXIS 24383 (S.D. Tex. Feb. 26, 2016) ....... 8, 10, 11, 13

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
737 F.3d 704 (Fed. Cir. 2013) ...................................................................................... 14

*Gen. Mills Mktg. v. Fritsch GmbH*,
No. 11-2099, 2012 U.S. Dist. LEXIS 197039 (D. Minn. April 17, 2012) ................... 7

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014) ............................................................... 10, 11, 12, 13

*Inline Connection Corp. v. Verizon Internet Servs.*,
402 F. Supp. 2d 695 (E.D. Va. 2005) ........................................................................... 7

*Intel Corp. v. ULSI Sys. Tech., Inc.*,
995 F.2d 1566 (Fed. Cir. 1993) .................................................................................... 9

*Intellectual Ventures II LLC v. U.S. Bancorp*,
No. 13-2071, 2014 U.S. Dist. LEXIS 153638 (D. Minn. Aug. 7, 2014) ................. 6, 7

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990) .................................................................................. 12

*Koh v. Microtek Int'l, Inc.*,
250 F. Supp. 2d 627 (E.D. Va. 2003) ....................................................................... 8, 9

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ...................................................................................................... 6

*LG Elecs., Inc. v. First Int'l Computer, Inc.*,
138 F. Supp. 2d 574 (D.N.J. 2001) ....................................................................... 8, 13

*Lunde v. Helms*,
898 F.2d 1343 (8th Cir. 1990) ..................................................................................... 6

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012) ................................................................. 14

*MGT Gaming, Inc. v. WMS Gaming, Inc.*,
978 F. Supp. 2d 647 (S.D. Miss. Oct. 23, 2013) ......................................... 6

*Nitride Semiconductors Co., Ltd. v. RayVio Corporation*,
Case No. 3:17-cv-02952 ..................................................................... 1, 2, 3

*QFO Labs, Inc. v. Parrot, Inc.*,
No. 16-3443, 2017 U.S. Dist. LEXIS 94081 (D. Minn. May 26, 2017)..................... 14

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
279 F. Supp. 2d 554 (D. Del. 2003) .......................................................... 12

*Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys.*,
No. 14-617, 2015 U.S. Dist. LEXIS (D. Del. July 31, 2015) ....................... 5

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
No. 11-820, 2012 U.S. Dist. LEXIS 157712 (D. Minn. Nov. 2, 2012) ........................ 6

*Secure Axcess, LLC v. Nintendo of Am., Inc.*,
No. 13-cv-32, 2014 U.S. Dist. LEXIS 30115 (E.D. Tex. Mar. 7, 2014) ..................... 7

*Select Comfort Corp. v. Sleep Better Store, LLC*,
No. 12-1148, 2013 U.S. Dist. LEXIS 189574 (D. Minn. Jan. 8, 2013)........................ 7

*Shifferaw v. Emson USA*,
No. 09-54, 2010 U.S. Dist. LEXIS 25612 (E.D. Tex. Mar. 18, 2010) ............ 6, 7, 9, 13

*Silicon Genesis Corp. v. GlobalFoundries U.S., Inc.*,
No. 15-239, 2016 U.S. Dist. LEXIS 37375 (D. Vt. March 22, 2016) ................. *passim*

*Toshiba Corp*. v. *Hynix Semiconductor, Inc.*,
No. 04-2391, 2005 U.S. Dist. LEXIS 22047 (N.D. Tex. Sept. 30, 2005) ............... 8, 13

*UltimatePointer, LLC v. Nintendo Co. Ltd. et al.*,
No. 11-496, 2014 U.S. Dist. LEXIS 185515 (E.D. Tex. June 17, 2015)......... 5, 7, 9, 11

*Ultra Prods. v. Best Buy Co.*,
2009 U.S. Dist. LEXIS 78678 (D. N.J. 2009) ................................................. 10, 11, 13

**Other Authorities**

Federal Rules of Civil Procedure
Rule 1 ................................................................................................................. 7

# INTRODUCTION

This case is closely related to a currently pending patent infringement case between the same plaintiff, Nitride Semiconductors Co., Ltd. ("Nitride"), and RayVio Corporation ("RayVio"). That case is captioned *Nitride Semiconductors Co., Ltd. v. RayVio Corporation,* Case No. 3:17-cv-02952, and proceeding in the Northern District of California. The *RayVio* case was filed on May 23, 2017, four months before Nitride filed this action against Digi-Key Corp. ("Digi-Key"). In its Complaint in this Court, Nitride asserts that Digi-Key infringes the same patent, U.S. Patent No. 6,861,270 ("'270 patent"), and accuses the same products. RayVio is the manufacturer of the accused products and Digi-Key has been sued in this Court accused of infringement for distributing RayVio's products on its on-line website. Nitride filed this suit to harass RayVio and RayVio's distributor and for no other reason than to drive up RayVio's defense costs having to defend the exact same claims of infringement as to the same products simultaneously in two separate courts.

Because RayVio is the manufacturer of each of the accused products in this case, the resolution of Nitride's infringement claims against RayVio in the Northern District of California will necessarily dispose of the entirety of Nitride's claims against Digi-Key in this Court. When two suits are pending-- one against a distributor or customer and another against the manufacturer of the accused products -- courts will routinely stay the action filed against the distributor or customer while the manufacturer suit is pending. This Court should do the same here.

Each of the factors courts consider in determining whether to stay a patent infringement case weigh heavily in favor of a stay: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *First,* Nitride is proceeding against the manufacturer, RayVio, in California, and a stay will not unduly prejudice or present a clear tactical disadvantage to Nitride. *Second*, a stay will undoubtedly simplify the issues in this case given Nitride's case against RayVio will likely dispose of this case in its entirety. *Third,* this case is in infancy. The parties have not conducted any discovery (discovery is not even open yet) and a trial date has not been set. Indeed, on October 23, 2017, Nitride agreed in writing that it would not oppose the present motion to stay the case. Accordingly, this case against Digi-Key should be stayed pending final resolution of the claims against the manufacturer, RayVio, in the Northern District of California.

## FACTUAL BACKGROUND

### I.  Nature and Stage of the Two Proceedings

#### a.  First Filed Case in California Court

Nitride first filed a Complaint against RayVio in the Northern District of California on May 23, 2017, captioned *Nitride Semiconductors Co., Ltd. v. RayVio Corporation*, Case No. 3:17-cv-02952 ("*RayVio* Action"). *See* Declaration of Jennifer D. Bennett in Support of Digi-Key's Motion to Stay, Ex. 1 ("Bennett Decl."). In its Complaint in the *RayVio* Action in California, Nitride alleges that RayVio's "UV LED" products infringe the '270 patent. *Id.*

Nitride's case against RayVio pending in California is in its early stages. Nitride served infringement contentions on September 8, 2017 and the parties have served discovery requests, including interrogatories and requests for production of documents. *See* Bennett Decl., ¶3. RayVio will serve invalidity contentions on October 24, 2017. *Id.* Nitride has recently started producing a small quantity of documents. RayVio will commence producing documents shortly. *Id.* A claim construction hearing is set for April 19, 2017 and no trial date has been set. *Id.*

### b. Later Filed Case in Minnesota

Four months later, on September 22, 2017, Nitride filed the present action against RayVio's distributor, Digi-Key, alleging that Digi-Key sells RayVio's UV LEDs on Digi-Key's website, thereby infringing the '270 patent. *See* Dkt No. 1, ¶¶13-15. Nitride accuses the same products of infringement that it accuses in the earlier filed *RayVio* Action filed in California. Digi-Key was served on October 3, 2017. Digi-Key is filing its Answer to the Complaint on October 24, 2017. No other substantive activity has occurred in this case. The parties have not conducted any discovery and a trial date has not been set.

### II. Nitride Agreed it Would Not Oppose this Motion

On October 11, 2017, Robert Kramer, counsel for Digi-Key, sent a letter to Plaintiff's counsel requesting that Nitride agree to stay the present case pending the outcome of *Nitride Semiconductors Co., Ltd. v. RayVio Corporation*, Case No. 3:17-cv-02952. Bennett Decl., Ex. 3. Counsel met and conferred on October 20, 2017. *Id.,* Ex. 4. The parties were able to reach a resolution as to this motion to stay whereby Nitride

agreed in writing on October 23, 2017, that Nitride would not oppose the present motion but reserved its rights to proceed with the case against Digi-Key if circumstances changed in the future.  *Id.*

### III.    The Complaint Accuses RayVio Products, Not Digi-Key Products

Nitride's patent-in-suit, the '270 patent, claims a method of fabricating an LED light source and technical components within the LED.  *See* Bennett Decl., Ex. 2.

The Complaint filed in this Court identifies "RayVio's UV LEDs" as the accused products, not any Digi-Key products.  *See* Dkt No. 1, ¶¶13-15 ("Digi-Key is offering RayVio's UV LEDs for sale on its website.").

RayVio possesses all of the technical information regarding how its accused products are designed, manufactured, operate, and their internal components.  *See* Declaration of David Stein ("Stein Decl."), at ¶4.  Digi-Key, on the other hand, is not involved in the design, development or manufacture of the RayVio UV LEDs.  *Id.*  Digi-Key has no knowledge about the manufacturing process or the technical features of any of the RayVio UV LEDs, other than public knowledge that any consumer might have about these RayVio products.  *Id.*

The only information Digi-Key would have related to this case is sales information, which RayVio would also have.  And, it was announced recently on August 22, 2017 that RayVio's UV LEDs were available for purchase on Digi-Key's website.  Dkt No. 1, Ex. 2.  There are limited quantities of the accused products available for purchase on Digi-Key's website.  Dkt No. 1, Ex. 3.  For example, eight (8) of RayVio's part no. RVXP4-280-SM076232, the part number identified in Nitride's complaint, are

available immediately for purchase.  *Id.* p. 2.  This information, however, may not even be relevant because the patent exhaustion doctrine would prevent Nitride from recovering damages from both RayVio and Digi-Key for the same products.

## IV.    The Technology of the '270 Patent

The '270 patent is titled "Method for Manufacturing Gallium Nitride Compound Semiconductor and Light Emitting Element."  Bennett Decl., Ex. 2.  According to the patent, "[t]he present invention relates to a method for manufacturing a gallium nitride compound semiconductor, and in particular to a light emitting element with improved light emitting efficiency and a method of realizing such."  Bennett Decl., Ex. 2, col. 1, ll. 9-13.  And, the claims generally relate to either the method of manufacturing gallium nitride semiconductors or the light emitting elements containing such semiconductors.

Digi-Key does not have design, development, manufacturing or other confidential technical documentation relating to the RayVio UV LEDs.  Stein Decl., ¶4.  It does not possess technical information relevant to Plaintiff's claims for infringement of the '270 patent.

## ARGUMENT

Patent plaintiffs occasionally will sue a distributor or customer of a manufacturer's products, generally to harass and to apply pressure to the manufacturer, which is precisely what was done here.  In such cases, courts stay the patentee's claims against the non-manufacturer-defendant until the claims against manufacturer defendant are resolved.  *See, e.g.*, *UltimatePointer, LLC v. Nintendo Co. Ltd. et al.*, No. 11-496, 2014 U.S. Dist. LEXIS 185515 (E.D. Tex. June 17, 2015); *Rothschild Mobile Imaging*

*Innovations, LLC v. Mitek Sys.*, No. 14-617, 2015 U.S. Dist. LEXIS , *12 (D. Del. July 31, 2015); *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 663 (S.D. Miss. Oct. 23, 2013); *Shifferaw v. Emson USA*, No. 09-54, 2010 U.S. Dist. LEXIS 25612, *12 (E.D. Tex. Mar. 18, 2010). This Court should follow the rationale of other courts, and stay Nitride's claims against Digi-Key until the case against the manufacturer, RayVio, has been finally adjudicated.

I.      **This Case Against Digi-Key Should Be Stayed Pending the Outcome of the Case Against RayVio in the Northern District of California**

A federal district court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Intellectual Ventures II LLC v. U.S. Bancorp*, No. 13-2071, 2014 U.S. Dist. LEXIS 153638, *11 (D. Minn. Aug. 7, 2014) (citations omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort. . . ."); *Schwendimann v. Arkwright Advanced Coating, Inc*., No. 11-820, 2012 U.S. Dist. LEXIS 157712,*14 (D. Minn. Nov. 2, 2012); *Lunde v. Helms,* 898 F.2d 1343, 1345 (8th Cir. 1990) ("district court did not clearly abuse its discretion in staying the federal case pending resolution of the on-going state proceedings. In our view, this is a matter of docket management.") (citations omitted). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

When considering whether to stay a patent infringement case, courts balance competing interests by evaluating three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *See Intellectual Ventures II*, 2014 U.S. Dist. LEXIS 153638, *11 (citations omitted); *Select Comfort Corp. v. Sleep Better Store, LLC*, No. 12-1148, 2013 U.S. Dist. LEXIS 189574 (D. Minn. Jan. 8, 2013); *Gen. Mills Mktg. v. Fritsch GmbH*, No. 11-2099, 2012 U.S. Dist. LEXIS 197039,*9 (D. Minn. April 17, 2012); *UltimatePointer,* 2014 U.S. Dist. LEXIS 185515,*29-30 (citations omitted). Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors in light of a party's federal right to a "just, speedy and inexpensive determination" of its claims pursuant to Fed. R. Civ. P. 1.

Courts routinely stay claims against distributors, retailers and customers that sell the allegedly infringing products pending the final adjudication of claims against the manufacturer of the accused products. *See Silicon Genesis Corp. v. GlobalFoundries U.S., Inc.,* No. 15-239, 2016 U.S. Dist. LEXIS 37375, *4 (D. Vt. March 22, 2016) (district court stayed case against customer pending outcome of ITC case against manufacturer); *UltimatePointer,* 2014 U.S. Dist. LEXIS 185515, *33; *Secure Axcess, LLC v. Nintendo of Am., Inc*., No. 13-cv-32, 2014 U.S. Dist. LEXIS 30115, at *22-24, 26 (E.D. Tex. Mar. 7, 2014); *Am. Vehicular Scis. LLC v. Toyota Motor Corp*., No. 12-404, 2014 U.S. Dist. LEXIS 93642, *12-13 (E.D. Tex. July 10, 2014); *Shifferaw*, 2010 U.S. Dist. LEXIS 25612, *12; *Inline Connection Corp. v. Verizon Internet Servs.*, 402 F.

Supp. 2d 695 (E.D. Va. 2005); *Toshiba Corp*. v. *Hynix Semiconductor, Inc.*, No. 04-2391, 2005 U.S. Dist. LEXIS 22047, at *29 (N.D. Tex. Sept. 30, 2005); *Koh v. Microtek Int'l, Inc.,* 250 F. Supp. 2d 627, 640 (E.D. Va. 2003); *LG Elecs., Inc. v. First Int'l Computer, Inc.,* 138 F. Supp. 2d. 574, 593 (D. N.J. 2001). Here, each of the factors a court considers weigh strongly in favor of a stay.

### A. A Stay Will Not Unduly Prejudice or Provide any Tactical Disadvantage to Nitride

The first factor -- "whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party" -- clearly weighs in favor of a stay. This is a patent infringement dispute between Nitride and RayVio, the manufacturer, and there is already an earlier filed case pending against RayVio in the Northern District of California. Therefore, a stay of this duplicative case filed against Digi-Key will not unduly prejudice or present any disadvantage to Nitride. *See Belfer Cosmetics, LLC v. Nordstrom, Inc.*, No. 15-683, 2016 U.S. Dist. LEXIS 24383, *15-16 (S.D. Tex. Feb. 26, 2016) ("There is no evidence that Belfer will be prejudiced or incur a tactical disadvantage by having to litigate liability against EL before proceeding to litigate damages against Nordstrom."); *Silicon Genesis,* 2016 U.S. Dist. LEXIS 37375, *4 ("A stay will avoid forcing GlobalFoundries to litigate this issue before Soitec, the 'true defendant,' has defended itself and would not prejudice SiGen.") Indeed, there are only limited quantities of the accused products available for purchase on Digi-Key's website, *i.e*., two series of products, consisting of eight (8) of the accused part numbers. *See* Stein Decl., ¶5. Because these sales are minimal and Nitride can recover any damages for

these nominal sales in its action against RayVio, Nitride cannot legitimately argue that it would be unduly prejudiced by a stay of this case against Digi-Key.

Conversely, RayVio and Digi-Key would be prejudiced if a stay is not granted. They would incur significant duplicative litigation expenses defending two separate patent infringement actions -- the case in California and the present case here in Minnesota.   RayVio would likely move to intervene in this action, and concurrent litigation in two separate district courts would force RayVio to devote additional time and resources to two litigations, instead of focusing on building its business.  Moreover, Nitride has agreed it would not oppose the present motion to stay the case.  *See* Bennett Decl., Ex. 4.

### B.     A Stay Will Undoubtedly Simplify the Case

The second factor -- "whether a stay will simplify the issues in question and trial of the case" -- weighs heavily in favor of a stay.  The adjudication of the claims against RayVio in the Northern District of California will dispose of this case.  *See UltimatePointer*, 2014 U.S. Dist. LEXIS 185515, *32 ("At most, resolution of the claims against Nintendo would resolve the entire case against the Retailers.")  Digi-Key could only be found liable for infringement if RayVio is found to infringe.  *See Shifferaw*, U.S. Dist. LEXIS 25612, at *10.  If RayVio is not found to infringe, Nitride has no claims against Digi-Key.  *Id.*  But, even if RayVio were found liable and Nitride were to recover damages from RayVio, the claims against Digi-Key will still be resolved because Nitride cannot obtain a double recovery for the same sales.  *Id.*, at *10; *Koh*, 250 F. Supp. 2d at 632-33 (patentee cannot recover twice for the same sale) (*citing Intel Corp. v. ULSI Sys.*

*Tech., Inc*., 995 F.2d 1566, 1568-69 (Fed. Cir. 1993) (patentee can collect only one royalty from a patent infringement)).

Accordingly, a stay would simplify the issues in question and "facilitate just, convenient, efficient, and less expensive determination" of this action. *In re Nintendo of Am., Inc.,* 756 F.3d 1363, 1365 (Fed. Cir. 2014); *see also Silicon Genesis,* 2016 U.S. Dist. LEXIS 37375, *4 ("The Court agrees this action will be advanced following the determination of the ITC action, which could simplify the issues here."); *Belfer Cosmetics,* 2016 U.S. Dist. LEXIS 24383, *15-16 ("The second factor also weighs in favor of a stay."); *Ultra Prods.*, 2009 U.S. Dist. LEXIS 78678, *18 ("The Florida litigation should clarify and possibly simplify the issues in this current matter.")

Indeed, if this case were not stayed, it would cause expensive and unnecessary duplication of the California court's efforts and yield potentially inconsistent rulings. This Court would be required to invest considerable time in familiarizing itself with the patent in this case and in making separate determinations, *i.e.*, patent claim construction, summary judgment, etc., and the court's run the risk of inconsistent rulings. If this case is stayed pending the adjudication of the RayVio action, this Court's resources would be saved and this case would be undoubtedly simplified.

### C. This Case is in its Infancy

The final factor -- "whether discovery is complete and whether a trial date has been set" -- also strongly favors a stay. This case is in its infancy—a scheduling conference is not even set. Other than Digi-Key filing an Answer concurrent with this Motion, there has been no other substantive activity, *i.e.,* discovery is not even open and

no trial date has been set. *See Silicon Genesis*, 2016 U.S. Dist. LEXIS 37375, *4 (staying action when case "is in its nascent stages, no discovery having been conducted or trial date set."); *UltimatePointer*, 2014 U.S. Dist. LEXIS 185515, *32 (finding factor weighed in favor of stay when "trial was more than two and a half years away."); *Belfer Cosmetics,* 2016 U.S. Dist. LEXIS 24383, *16 ("The third factor weighs in favor of a stay. Discovery is not yet complete, nor has a trial date been set."); *Ultra Prods.,* 2009 U.S. Dist. LEXIS 78678, *18 (staying case when "no trial date has been set, no discovery has occurred."). Accordingly, each factor strongly favors a stay of this case and this Court should exercise its discretion and stay the case against Digi-Key.

## II. Nitride's Claims Against RayVio Should be Decided First in the Northern District of California

Courts apply the "customer-suit" exception in support of a stay of a case against a distributor, customer or retailer. The "customer-suit" exception arose in cases in which a patentee filed an action against the retailers of an accused product, after which the manufacturer of the product filed a declaratory relief action against the patentee in a different forum. Although this did not happen here -- patentee Nitride first filed a suit against the manufacturer in one forum and then filed a second suit against a distributor in a second forum -- the rationale behind the exception applies here, "[t]his 'customer suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo*, 756 F.3d at 1365; *Ultra Prods.*, 2009 U.S. Dist. LEXIS

78678, *18 ("it makes sense for the case against the actual manufacturer...to proceed first.")

"Under the 'customer suit' exception, litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *In re Nintendo*, 756 F.3d at 1365. This exception is rooted in the presumption "that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464 (citations omitted). And, the exception "acknowledges that a patentee's election to sue customers, rather than the manufacturer itself, is often based on a desire to intimidate smaller businesses." *Ricoh Co., Ltd. v. Aeroflex Inc.*, 279 F. Supp. 2d 554, 557 (D. Del. 2003) (citations omitted). Given Digi-Key has only recently started selling RayVio's UV LEDs and has nominal quantities available, Nitride's motivation to sue RayVio's "new" distributor must be based on Nitride's desire to intimidate Digi-Key. Dkt No. 1, Exs. 2-3.

Here, Digi-Key is the distributor of RayVio products, and RayVio, the alleged infringing manufacturer, is already involved in an action brought by patent owner Nitride. *See In re Nintendo* 756 F.3d at 1365 ("While the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant."); s*ee also Silicon Genesis*, 2016 U.S. Dist. LEXIS 37375, *3. Indeed, the "customer-suit" exception has been applied in multi-defendant actions in which the manufacturer and retailer are

defendants in the same case. *See In re Nintendo,* 756 F.3d at 1365 (applying the customer-suit exception to sever Nintendo and stay the severed retailer defendants). In *In re Nintendo*, the Federal Circuit noted that the issues of infringement and validity were common to Nintendo and the retailer defendants, as is the case here between RayVio and Digi-Key, so that it was appropriate to apply the "customer-suit" exception. 756 F.3d at 1365. The theory is that the manufacturer is the "true defendant." *Id.; see also Belfer Cosmetics, LLC,* 2016 U.S. Dist. LEXIS 24383, at *6-7.

Here, like the retailer defendants in Nintendo, RayVio is the "true defendant" and Nitride's claims against defendant Digi-Key are peripheral to its claims against RayVio. *Id.; see also Shifferaw*, U.S. Dist. LEXIS 25612, at *9; *Toshiba* 2005 U.S. Dist. LEXIS 22047, * 16-17 (*citing LG Electronics, Inc. v. Asustek Computers*, 126 F. Supp. 2d 414, 422 (E.D. Va. 2000)("[a] patent infringement claim against a distributor is peripheral to a claim against the manufacturer.") This case is no different than Nintendo: RayVio, not Digi-Key, is responsible for the manufacture and development of all of the accused RayVio UV LEDs. Stein Decl., at ¶4. Digi-Key, conversely, is at best only peripherally involved in issues in this case. It has no involvement in the design, manufacture, or importation of the accused products. *Id.*

It is also worth noting that like in *Ultra Prods. v. Best Buy Co*., 2009 U.S. Dist. LEXIS 78678 (D. N.J. 2009), Nitride chose to first file a lawsuit against the manufacturer RayVio in the Northern District of California. "Accordingly this is not a case where a party seeking stay or similar relied is attempting to overcome the first-filed rule by invoking the 'customer suit' exception." *Ultra Prods*., 2009 U.S. Dist. LEXIS 78678,

*18-19. Indeed, Nitride's case against RayVio is the "first-filed" action. And, under the "first-filed rule," the case in the Northern District of California should proceed first.

The "first-filed rule" is "a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *QFO Labs, Inc. v. Parrot, Inc.*, No. 16-3443, 2017 U.S. Dist. LEXIS 94081, *5 (D. Minn. May 26, 2017) *citing Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). Where "two actions that sufficiently overlap are filed in different federal district courts," the later action should be stayed, dismissed, or transferred to the forum of the first-filed action. *Id. citing Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). Because the case against RayVio, the manufacturer, was filed first and this case against Digi-Key, the distributor, was filed second, to avoid conflicting decisions and promote judicial efficiency the case against RayVio should proceed and the present case should be stayed.

## <u>CONCLUSION</u>

For the foregoing reasons, Digi-Key respectfully request that the Court stay the case pending the final resolution of the claims against RayVio in the California action.

Date:  October 24, 2017

STINSON LEONARD STREET LLP

By:     s/David D. Axtell
        (Minnesota Bar #314596)
        50 South Sixth Street, Suite 2600
        Minneapolis, MN  55402
        Tel:  (612) 335-1500
        Fax:  (612) 335-7247
        david.axtell@stinson.com

        DENTONS US LLP
        Robert F. Kramer (*pro hac vice*)
        Jennifer D. Bennett (*pro hac vice*)
        Russell S. Tonkovich (*pro hac vice*)
        1530 Page Mill Road, Ste. 200
        Palo Alto, CA 94304
        Tel:  (650) 798-0300
        Fax:   (650) 798-0310
        robert.kramer@dentons.com
        jennifer.bennett@dentons.com
        Russell.tonkovich@dentons.com

        **ATTORNEYS FOR DEFENDANT**
        **DIGI-KEY CORPORATION**