# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Nitride Semiconductors Co. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Digi-Key Corporation <br> *doing business as* <br> Digi-Key Electronics, <br><br> Defendant. | Case No.:   17-cv-04359 (JRT – LIB) <br><br><br> **Digi-Key's Memorandum in Opposition to Nitride's Motion for Leave to Amend Its Complaint** |

Digi-Key Corporation opposes the motion for leave to amend by Nitride Semiconductors Co. Ltd. Nitride seeks to amend its complaint and expand this lawsuit against Digi-Key, which is a distributor rather than a manufacturer, by accusing four sets of additional products made by four additional manufacturers of patent infringement.

Nitride seeks to do so because Nitride's lawsuit in California against the manufacturer of all products originally accused of infringement—RayVio Corporation—ended when RayVio effectively went bankrupt last fall. As a result, Nitride cannot collect any alleged damages from RayVio and now seeks to collect damages from Digi-Key instead. Moreover, Nitride seeks to collect damages not only based on RayVio products, but also based on several additional products now included in Nitride's proposed amended complaint.

The additional products in Nitride's proposed amended complaint are new to this case—but they are not new products. Nitride had many previous opportunities to accuse

additional products of infringement, and there is no reason for Nitride's delay in doing so, other than RayVio's cessation of operations. Nitride could have accused additional products of patent infringement beyond the RayVio products when Nitride brought this suit three years ago in 2017. Nitride could have sought to accuse additional products of infringement before this suit was stayed. Nitride could have sought to lift the stay in this action to accuse the additional products. And Nitride could have commenced a new action accusing the additional products of infringement at any time while this case was stayed. Thus, Nitride unduly delayed in seeking to amend.

Digi-Key would also be unduly prejudiced by amendment. First, because Nitride is suing Digi-Key rather than suing the four manufacturers of the additional products and because Nitride only identified these four manufacturers to Digi-Key in May, Nitride's delay has made it burdensome for Digi-Key to demand indemnification and defense and coordinate with the various manufacturers of the products. This is part of the reason Digi-Key opposes Nitride's motion to amend. Second, because Nitride did not provide any notice of its patent infringement allegations based on products made by manufacturers other than RayVio to Digi-Key until last month, Nitride denied Digi-Key the opportunity to evaluate and consider possible remedial actions during the past three years.

## I.   Nitride Unduly Delayed in Seeking to Amend Its Complaint to Accuse Additional Products of Infringement Three Years into This Lawsuit.

### A.   Nitride Could Have Sought to Add Additional Products to This Action Three Years Ago.

Nitride commenced this patent infringement action against Digi-Key on September 22, 2017, four months after Nitride commenced a patent infringement action

2

against RayVio, the manufacturer of the accused products, in the Northern District of California on May 23, 2017. Because Nitride's California lawsuit against RayVio and this lawsuit involved the same allegations—that the same RayVio products infringed the same patent—the Court stayed this lawsuit pending the resolution of Nitride's lawsuit against RayVio in California on December 15, 2017. ECF No. 34.

Then, last fall, RayVio made an assignment for the benefit of creditors. As a result, the California court in Nitride's lawsuit against RayVio granted Nitride's Motion for Default Judgment, and judgment was entered in favor of Nitride on January 13, 2020.[1] After that, Nitride sought to lift the stay in this action, and the Court lifted the stay on March 6, 2020. ECF No. 42.

Nitride told Digi-Key for the first time in February 2020 that Nitride sought to add additional products accused of infringement to this suit that are not manufactured by RayVio. Nitride also asked Digi-Key to consent to an amended complaint, but Nitride did not provide a proposed amended complaint or even identify any of these additional accused products or manufacturers at that time. Instead, Nitride did not identify any of these additional accused products or manufacturers until May 7, 2020, when the parties met and conferred about a proposed case schedule as required by the Court's March 11, 2020 Pretrial Conference Notice and Order (ECF No. 43) and Federal Rule of Civil

---

[1] Nitride had previously brought a companion patent infringement lawsuit against both RayVio and Digi-Key in Japan, and Digi-Key was successful in obtaining the equivalent of a dismissal without prejudice of Digi-Key in that suit after RayVio's assignment for the benefit of creditors. Based on discussions about that Japanese lawsuit and its resolution, it appeared that the issues between Nitride and Digi-Key were resolved and that a similar dismissal of this lawsuit would occur.

3

Procedure 26(f). Nitride identified these additional accused products and manufacturers in writing to Digi-Key for the first time on May 8, 2020, in a letter with a settlement proposal to Digi-Key that encompassed these additional accused products that were and still are not yet a part of this action. Nitride did not provide its proposed amended complaint to Digi-Key until Friday afternoon, May 15, 2020, even though the parties' Rule 26(f) report and proposed schedule was due on Monday, May 18, 2020.[2] Thus, Nitride's delay and timing impaired Digi-Key's ability to get input or participation about the proposed case schedule from the four additional manufacturers.

Nitride seeks to amend its complaint now, but most and possibly all of the additional products that Nitride seeks to add to this action via Nitride's proposed amended complaint were being sold by Digi-Key in 2017.[3] Thus, there is no reason that Nitride could not have included additional accused products made by additional manufacturers when Nitride commenced this suit against Digi-Key in 2017. But Nitride did not do so. And there is no reason that Nitride could not have sought to amend to include additional products made by additional manufacturers after Nitride commenced this action but before or when Digi-Key moved to stay in 2017. But Nitride did not do so. Instead,

---

[2] Given this timing, Nitride's statement that "Digi-Key submitted its proposed case schedule to the Court in the 26(f) report *after* Digi-Key had received Nitride's proposed amended complaint" is misleading. *See* Nitride Mem., ECF No. 56 at 8 (page 4).

[3] It appears that there were not any actual sales of two of the four sets of additional products by additional manufacturers by Digi-Key in 2017, but these products account for less than 10% of the total sales of all accused products in Nitride's proposed amended complaint. In other words, it appears that more than 90% of the accused products in Nitride's proposed amended complaint were sold by Digi-Key in 2017 such that Nitride could have sought to add them to this action three years ago.

4

Nitride did not oppose Digi-Key's motion for a stay. Nor did Nitride seek to amend its complaint in this action or file new complaints accusing the additional products in Nitride's proposed amended complaint in the intervening two-plus years that this case was stayed. Now, Nitride only seeks to amend its complaint and expand this lawsuit against Digi-Key by adding additional accused products because RayVio went effectively bankrupt so Nitride cannot collect any alleged damages from RayVio. Thus, Nitride has unduly delayed in seeking leave to amend. *See 01 Communique Lab., Inc. v. Citrix Systems, Inc.*, No. 1:06-CV-253, 2014 WL 2506250, at *6 (N.D. Ohio June 3, 2014) (finding that "plaintiff did unduly delay in seeking to insert [an additional product accused of infringement] into this case" because "the product [] was obviously known to plaintiff at the time the case was filed, and, as this Court has already found, plaintiff did not seek to discover anything about this product before the stay," but nonetheless granting motion to amend because the Court did not find there would be undue prejudice from amendment).

    **B.**    **The Prior Stay of This Action Pending Nitride's Duplicative Action Against RayVio Does Not Negate Nitride's Undue Delay in Seeking to Amend Its Complaint.**

Nitride argues in support of its motion for leave to amend that Nitride's delay in seeking to amend was not undue because this action was stayed until this past spring. Nitride Mem., ECF No. 56, at 8 (page 4). This action was only stayed, however, because of and pending Nitride's duplicative action against RayVio. *See* Order Granting Stay of All Deadlines and Rulings, ECF No. 34, at 1 ("This matter is before the Court on Defendant's Motion to Stay (Doc. No. 23) pending the outcome of a related case in the

5

Northern District of California."); Digi-Key Mem. in Support of Motion to Stay, ECF No. 25, at 6 (page 1) ("Because RayVio is the manufacturer of each of the accused products in this case, the resolution of Nitride's infringement claims against RayVio in the Northern District of California will necessarily dispose of the entirety of Nitride's claims against Digi-Key in this Court."). The stay was not based on additional products accused of infringement that are made by manufacturers other than RayVio and would not have been appropriate or granted if such additional products had been accused of infringement.

For this reason, decisions from other districts on which Nitride relies to argue that Nitride's delay was not undue are distinguishable. This lawsuit was stayed because of a duplicative lawsuit regarding the same products made by RayVio and the same patent—this lawsuit was not stayed pending procedures challenging the validity of the asserted patent in the USPTO, unlike decisions on which Nitride relies. *See 01 Communique Lab., Inc. v. Citrix Systems, Inc*., No. 1:06-CV-253, 2014 WL 2506250, at *8 (N.D. Ohio June 3, 2014) (explaining that the defendant's assessment of the amount of delay by plaintiff in seeking to amend "is not accurate" because the case was stayed pending the reexamination and determination of the validity of the asserted patent by the USPTO based on defendant's request); *Zvelo, Inc. v. Sonicwall, Inc*., C.A. No. 06-cv-00445-PAB-KLM, 2012 U.S. Dist. LEXIS 96407, at *10-11 (D. Colo. July 12, 2012) ("Defendant's delay argument based on the long-term duration of this lawsuit is unavailing. It is true that the lawsuit was filed in 2006, but the matter was stayed at Defendant's request pending the PTO's reexamination of the patent at issue.").

6

Thus, the relevant time frame to evaluate undue delay began when Nitride commenced this suit in 2017, not when the stay was lifted this past spring. And Nitride has unduly delayed for the past three years and has not been diligent in seeking to amend. *Cf. ecoNugenics, Inc. v. Bioenergy Life Science, Inc.*, 355 F.Supp.3d 785, 790-91 (D. Minn. 2019) (denying a Rule 15 motion to amend a complaint in a patent infringement lawsuit based on futility and finding no undue delay when there was "reasonable diligence by [the plaintiff] in attempting to amend its original complaint"); *Jalin Realty Capital Advisors, LLC v. A Better Wireless, Nisp, LLC*, No. 11-165 (JRT/LIB), 2011 U.S. Dist. LEXIS 161502, at *10 (D. Minn. Aug. 29, 2011) (granting motion to amend when the court found that the moving party "did not act with undue delay").

## II.     Digi-Key Would Be Unduly Prejudiced by Granting Nitride Leave to Amend.

Amendment pursuant to Rule 15 is liberal, but is certainly not automatic or a foregone conclusion. As the Eighth Circuit has emphasized, "[a] liberal amendment policy, however, is in no way an absolute right to amend." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Id*. Here, amendment would unduly prejudice Digi-Key.

First, Nitride is suing Digi-Key in this action rather than the four manufacturers of the additional products accused of infringement, and Nitride only identified these four

manufacturers to Digi-Key last month.[4] Digi-Key believes that all of the suppliers of the newly accused products have a duty to indemnify and defend Digi-Key. Nitride's long delay in notice of additional accused products has made it burdensome for Digi-Key to demand indemnification and defense and coordinate among the various manufacturers of the products. For example, as mentioned above, the timing of Nitride's proposed case schedule and simultaneous identification of the additional products and manufacturers impaired Digi-Key's ability to get input or participation about the proposed case schedule from the four additional manufacturers, which is prejudicial to Digi-Key. Further, because Digi-Key is a distributor without possession of the technical information to produce in discovery or use to muster a defense, any timing prejudice has far greater negative impact on Digi-Key than it would on a party with technical information about the technology in the asserted patent and the products accused of infringing it.

Second, because Nitride did not give any notice to Digi-Key that Nitride's patent infringement allegations extended beyond UV LED products made by RayVio and included UV LED products made by other manufacturers until last month, Nitride denied Digi-Key the opportunity to evaluate and possibly implement remedial actions including stopping the distribution of allegedly infringing products three years ago.

Nitride argues that "any theoretical prejudice to Digi-Key in filing this motion [to amend] was effectively mooted" because the Court largely adopted the case schedule

---

[4] Nitride appears to be using this case against Digi-Key to effectively lump several manufacturer of accused products in a single case in a venue that might not be proper for any or all of the suppliers and to avoid possible jurisdictional difficulties.

8

proposed by Digi-Key in the parties' Rule 26(f) report. Nitride Mem., ECF No. 56, at 10-11 (pages 6-7). This argument should be rejected. First, Nitride's account of the timing of Nitride's proposed amended complaint and the parties' Rule 26(f) report is misleading, as noted above. Moreover, although the Court largely adopted the case schedule proposed by Digi-Key, this schedule does not cure the prejudice to Digi-Key from Nitride unduly delaying amendment.

In sum, Digi-Key would be unduly prejudiced if Nitride is granted leave to amend its complaint and expand this action. Such undue prejudice warrants denying Nitride's motion for leave to amend its complaint. *Cf. Jalin Realty Capital Advisors, LLC v. A Better Wireless, Nisp, LLC*, No. 11-165 (JRT/LIB), 2011 U.S. Dist. LEXIS 161502, at *10 (D. Minn. Aug. 29, 2011) (granting motion to amend Defendant's counterclaims when the court found that the "Plaintiffs will not be unduly prejudiced since the new parties are simply corporate officers of the original counterclaim defendants and much of the discovery will overlap").

***

For the foregoing reasons, Digi-Key opposes Nitride's motion for leave to amend.

CORE/2004304.0641/159917459.1

**STINSON LLP**

Dated: June 12, 2020 By: /s/ Katherine A. Moerke
David Axtell (#314596)
Katherine A. Moerke (#0312277)
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612.335.1500
Email: david.axtell@stinson.com
katie.moerke@stinson.com

**ATTORNEYS FOR DEFENDANTS DIGI-KEY CORPORATION D/B/A DIGI-KEY ELECTRONICS**

10