UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **NITRIDE SEMICONDUCTORS CO., LTD.**,<br><br>             Plaintiff,<br><br>     v.<br><br>**DIGI-KEY CORPORATION D/B/A DIGI-KEY ELECTRONICS**, | Civil Action No. 17-cv-4359 (JRT/LIB) |

**DIGI-KEY'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**

In the operative Complaint, Plaintiff Nitride accuses of infringement only certain products previously supplied by RayVio to Defendant Digi-Key (the "RayVio Products"). (Dkt. 1). That complaint has been the operative complaint for 34 months. Nitride only recently sought leave to amend its Complaint to also accuse products supplied by several other suppliers, which were not included in the original Complaint (the "New Products"). (Dkt. 54). Digi-Key has opposed that motion, and the parties await the Court's ruling. (Dkt. 60). In the interim, Nitride has taken the position that Digi-Key must still respond to infringement contentions that accuse the New Products even though they are still not – and may never be – accused in an operative Complaint in this case.

Digi-Key therefore moves to modify the Court's May 26, 2020 Pretrial Scheduling Order (Dkt. 53) pursuant to Federal Rule of Civil Procedure 16(b)(4)

and Local Rule 16-3 for several reasons, including (1) to give the Court the opportunity to rule upon Nitride's Motion to Amend its Complaint, and (2) to give Digi-Key a reasonable amount of time to investigate the infringement allegations relative to the New Products (if the Court grants Nitride's motion to amend). Additionally, because it would be inefficient to provide infringement contention responses in piecemeal fashion and because Digi-Key has not been able to obtain technical information about the RayVio products, Digi-Key proposes that its obligation to provide any response to the infringement contentions (including as to all RayVio Products) be held in abeyance until 60 days after the Court decides Nitride's motion to amend.

**I.   Procedural and Factual Background**

This case was originally filed on September 22, 2017. However, the case was stayed shortly thereafter on December 15, 2017 pending Nitride's duplicative lawsuit against RayVio in California. The Court lifted the stay on March 6, 2020 and entered the current Pretrial Scheduling Order on May 26, 2020. Nitride sought leave to file an amended complaint on June 5, 2020, which included for the first time the New Products. Digi-Key promptly and diligently provided notice of Nitride's allegations about the New Products to the manufacturers and suppliers of these products, but they are awaiting the Court's ruling on Nitride's motion for leave to amend its complaint.

Less than four weeks after Nitride's motion for leave to amend, on July 1, 2020, Nitride served infringement contentions relating to both the RayVio

2

Products and the New Products, which are very technical in nature. (Moerke Decl., Ex. A). Nitride's infringement contentions also addressed additional RayVio products (from an XPI1 series in addition to the XP4 series) that were not addressed in either Nitride's operative Complaint or proposed amended complaint. (*Id.*). Under the current Pretrial Scheduling Order, Digi-Key's response to Nitride's infringement contentions are due August 3, 2020.[1] Nitride has taken the position that Digi-Key must respond to infringement contentions that accuse the New Products despite Nitride's pending motion for leave to amend its complaint. (Moerke Decl., Ex. B).[2] So while Nitride has had nearly three years to consider which products to accuse and the related infringement contentions for each, Digi-Key has been given very little time to respond to those contentions.

Headquartered in Thief River Falls, Minnesota, Digi-Key is the fourth largest electronic component distributor in North America and a broad-line distributor of board level components. Digi-Key ranks as the fifth largest electronic component distributor in the world, offering over 10.6 million products sourced from over 1,300 manufacturers worldwide. Simply put, Digi-Key is a reseller of many other companies' products.

---

[1]  The Pretrial Scheduling Order gives a deadline of August 1, 2020, which is a Saturday. The first court day thereafter is Monday, August 3, 2020.

[2]  The Court should also be aware that Nitride has asserted substantial reservations to accuse a seemingly limitless list of products in the future, meaning Nitride will likely seek to significantly expand its infringement contentions.

Specific to this case, Digi-Key is not the developer or manufacturer of the RayVio Products or the New Products. Instead, the RayVio Products were supplied to Digi-Key by RayVio Corporation, a company that is now in the process of being liquidated. Each of the New Products were supplied to Digi-Key by either Inolux Corporation [3] Lite-On Semiconductor Corp., Vishay Intertechnology, Inc., or Luminus, Inc. Digi-Key has very limited first-hand or technical information regarding the RayVio Products, the New Products, or the subject matter of the asserted claims. Therefore, in order to respond to the infringement contentions, Digi-Key will have to rely on information from those third parties (to the extent such information is available) and/or information from third-party testing laboratories. The information necessary to respond to the infringement contentions will be difficult, time consuming, and expensive for Digi-Key to obtain (especially relative to products from the now-defunct RayVio), and to coalesce and coordinate responses to the infringement contentions. Digi-Key has been diligently seeking technical information about the RayVio products accused of infringement from Nitride's suit against RayVio but has encountered numerous roadblocks and does not yet have such information. (Moerke Decl. 4-11; Ex. C).

## II. Argument

### A. Legal Standard

Scheduling orders may be modified upon a showing of "good cause" and by

---

[3] Inolux Corporation was incorrectly identified by Nitride as "Innolux Corporation" in the proposed Amended Complaint.

4

leave of court. Fed. R. Civ. P. 16(b)(4); D. Minn. L.R. 16.3. The primary measure of "good cause" is the movant's diligence in attempting to meet the requirements of the scheduling order. *Gulf Ins. Co. v. Skyline Displays Inc.*, 2004 WL 5716699 (D. Minn. Apr. 9, 2004) (citing *Scheidecker v. Arvig Enterprises, Inc.*, 193 F.R.D. 630, 631-32 (D. Minn. 2000) (citations omitted)); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Furthermore, "[a]lthough the good cause analysis emphasizes diligence, there is not a clear test for when a party is diligent enough to establish good cause, and the district court retains broad discretion." *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1915795, at *1 (D. Minn. Apr. 30, 2019) (citing *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) (quoting *Portz v. St. Cloud State Univ.*, No. 16-cv-1115 (JRT/LIB), 2017 WL 3332220, at 3-4 (D. Minn. Aug. 4, 2017)).

**B. There Is Good Cause to Modify the Pretrial Scheduling Order.**

Good cause exists to extend all deadlines in the Pretrial Scheduling Order in this action by 60 days from a decision on Nitride's pending motion to amend for several reasons: (1) the New Products are not yet a part of the case, so the Court should have time to decide Nitride's motion to amend before requiring Digi-Key to respond to infringement contentions relative to the New Products; (2) if the New Products become a part of the case, Digi-Key should have the opportunity to investigate the infringement allegations relative to those products;

(3) Digi-Key should still be provided more time to prepare its response to Nitride's infringement contentions relative to the RayVio Products due to the status of RayVio; and (4) the responses to Nitride's infringement contentions should not be done piecemeal, so responses relative to both the RayVio Products and the New Products should be done at the same time and all other deadlines should be keyed therefrom.

### C. The Proposed Modification's Effect on Deadlines Is Appropriate.

Given the initial stay, we are at the very beginning of this case. It is important at the beginning of a patent case for a defendant to know what the plaintiff is accusing of infringement. Just as important is for the defendant to understand what is being accused of infringement and to have the opportunity to fully investigate those allegations. It certainly makes for a more efficient litigation overall. Therefore, Digi-Key proposes the following amended schedule for this case:

| Task | Current Deadline | Proposed New Deadline |
|---|---|---|
| Defendant's Claim Chart | 8/1/2020 | 60 days after a Court order granting Nitride leave to amend its complaint |
| Motions Seeking to Join Other Parties | 8/31/2020 | No change |
| Motions Seeking to Amend Pleadings | 8/31/2020 | No change |
| Defendant's Prior Art Statement | 10/1/2020 | Two months after Defendant's Claim Chart |
| Plaintiff's Prior Art Statement | 11/1/2020 | One month after Defendant's Prior Art Statement |
| Exchange Claim Terms | 12/1/2020 | One month after Plaintiff's Prior Art Statement |
| Proposed Claim Constructions | 1/2/2021 | One month after Exchange Claim Terms |
| Meet and Confer re finalizing claim terms, etc. | 1/15/2021 | Two weeks after Proposed Claim Constructions |
| Joint Patent Case Status Report | 1/31/2021 | One month after Proposed Claim Constructions |
| Joint Claim Construction | 1/31/2021 | One month after Proposed Claim Constructions |
| Identify Experts (if court states it will not issue a claim construction order) | 4/15/2021 | Two months and two weeks after Joint Claim Construction |
| Decision on Waiver and Discovery of Privileged Documents | 4/15/2021 | Two months and two weeks after Joint Claim Construction |
| All additional Discovery re Waiver | 5/15/2021 | Three months and two weeks after Joint Claim Construction |
| Initial Expert Report | 5/15/2021 | Three months and two weeks after Joint Claim Construction |
| Rebuttal Expert Reports (21 days after initial expert reports are exchanged) | 6/5/2021 | 21 days after initial expert reports are exchanged |
| Fact Discovery | 6/15/2021 | Four months and two weeks after Joint Claim Construction |
| Expert Discovery Deadline | 9/1/2021 | Three months after Fact Discovery Deadline |
| Non-Dispositive Motions | 10/1/2021 | Eight months after Joint Claim Construction |

| Task | Current Deadline | Proposed New Deadline |
|---|---|---|
| Dispositive Motions Deadline | 11/1/2021 | Two months after Expert Discovery Deadline |
| Trial Ready Date | 2/1/2022 | Three months after Dispositive Motions Deadline |

### III. Conclusion

For the reasons set forth above, Digi-Key requests that the Court modify the Pretrial Scheduling Order to extend all deadlines, beginning with extending the deadline for Digi-Key's non-infringement contentions for sixty days from the Court order ruling on Nitride's motion for leave to amend its complaint.

8

| | |
|---|---|
| Date:  July 24, 2020 | By:  /s/ Katherine A. Moerke<br>David Axtell (#314596)<br>Katherine A. Moerke (#0312277)<br>**STINSON LLP**<br>50 South Sixth Street, Suite 2600<br>Minneapolis, MN  55402<br>Telephone:  612.335.1500<br>Facsimile:  612.335.1657<br>Email:  david.axtell@stinson.com<br>          katie.moerke@stinson.com<br><br>Jonathan Short (*pro hac vice*)<br>Mark Anania (*pro hac vice*)<br>**McCARTER & ENGLISH, LLP**<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ  07102<br>Telephone:  973.622.4444<br>Facsimile:  973.624.7070<br>Email:  jshort@mccarter.com<br>          manania@mccarter.com<br><br>**ATTORNEYS FOR DEFENDANT DIGI-KEY CORPORATION D/B/A DIGI-KEY ELECTRONICS** |